UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STONCOR GROUP, INC.,
doing business as
STONHARD,

           Plaintiff,

    v.

CIPRIAN INGENIERIA
TERMINACIONES S.R.L.,

           Defendant.

1:19-cv-01132-NLH-AMD

**MEMORANDUM OPINION & ORDER**

**APPEARANCES:**

ZACHARY WINTHROP SILVERMAN
FISHKIN LUCKS LLP
ONE RIVERFRONT PLAZA, SUITE 410
NEWARK, NJ 07102

   *On behalf of Plaintiff*

**HILLMAN**, **District Judge**

   WHEREAS, Plaintiff, StonCor Group, Inc., which is located in Maple Shade, New Jersey, and manufacturers commercial flooring products, filed a complaint on January 29, 2019 against Defendant, Ciprián Ingeniería Terminaciones S.R.L., which is located in Santo Domingo, Dominican Republic, and is a construction contractor that installs flooring products in commercial and industrial buildings; and

   WHEREAS, Plaintiff's complaint seeks a declaration that (1) it has no obligation to arbitrate a commercial business dispute

in the Dominican Republic involving Defendant and a Dominican Republic hospital because it did not consent to arbitration, and (2) any decision emanating from the Dominican Republic arbitration proceeding cannot be enforced against Plaintiff, particularly in the United States; and

WHEREAS, because Defendant failed to file an answer or otherwise appear in the action, Plaintiff requested the Clerk to enter default, which the Clerk did on September 4, 2019, and Plaintiff subsequently filed a motion for default judgment on October 23, 2019; and

WHEREAS, on June 29, 2020, this Court found that Plaintiff's complaint as currently pleaded fails to establish subject matter jurisdiction because it has not properly set forth the requirements of 28 U.S.C. § 1332, and because it fails to state an actual case or controversy justiciable in this Court (Docket No. 10); and

WHEREAS, the Court denied Plaintiff's motion for default judgment, and ordered Plaintiff to show cause within 20 days as to why its complaint, even assuming it could cure the deficiencies under 28 U.S.C. § 1332, should not be dismissed for failure to present a judiciable case or controversy; and

WHEREAS, the Court permitted Plaintiff to file an amended complaint in response to the Court's order, if it could do so consistent with this Court's Opinion; and

2

WHEREAS, Plaintiff failed to respond to the Court's Order to Show Cause and failed to file an amended complaint;

THEREFORE,

For the reasons expressed in the Court's June 29, 2020 Opinion,

IT IS on this ___5th___ day of ___April___, 2021

ORDERED that Plaintiff's complaint be, and the same hereby is, DISMISSED for lack of subject matter jurisdiction,[1] and because it fails to state an actual case or controversy justiciable in this Court; and it is further

ORDERED that the Clerk of the Court shall mark this matter as CLOSED.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

[1] Federal courts have an independent obligation to address issues of subject matter jurisdiction sua sponte and may do so at any stage of the litigation. See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although it appears that Plaintiff, a domestic corporation, has sued a foreign corporation involving a controversy concerning more than $75,000, as the Court noted in its June 29, 2020 Opinion the requisite jurisdictional facts were inartfully pled.